# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In Re   Marcelino Rivera,                )
                                         )
                                         )   Bankruptcy No.   15-34415
                                         )
                      Debtor.            )   Chapter          7

### COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION
### (IN CASES UNDER CHAPTERS 7, 11 AND 12)

Name of Applicant: _____Nixon Peabody LLP_____

Authorized to Provide Professional Services to: _____R. Scott Alsterda, Chapter 7 Trustee_____

Date of Order Authorizing Employment: _____March 21, 2016 [Dkt. 36] effective as of December 11, 2015_____

Period for Which Compensation is Sought:
From _____December 11_____, 2015   through _____October 23_____, 2016

Amount of Fees Sought:   $ 26,714.00

Amount of Expense Reimbursement Sought:   $ 277.04

This is an:   Interim Application _____      Final Application ✓

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| | | | | |

Dated:   _____October 25, 2016_____              _____R. Scott Alsterda_____
                                                              (Counsel)

(Rev 11/19/10)

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Marcelino Rivera, | ) | Case No. 15-34415 |
| | ) | Honorable Jack B. Schmetterer |
| Debtor. | ) | |
| | ) | |

### FIRST AND FINAL APPLICATION OF TRUSTEE'S COUNSEL FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

1. R. SCOTT ALSTERDA and NIXON PEABODY LLP (collectively "NP"), counsel for the Trustee pursuant to 11 U.S.C. §330 and FRBP 2016 submits this first and final application for compensation and reimbursement of expenses and represents to the Court as follows:

2. Marcelino Rivera (the "Debtor") filed his voluntary petition under Chapter 7 of the Bankruptcy Code on October 8, 2015 [Dkt. 1].

3. The Trustee filed his Initial Report of Assets on March 8, 2016 [Dkt. 28].

4. On March 21, 2016, an order was entered approving the employment of Nixon Peabody LLP as counsel for the Trustee [Dkt. 36]. A copy of the Order approving the employment of Nixon Peabody LLP as counsel for Trustee effective December 11, 2015 is attached hereto as Exhibit "A."

### CASE SUMMARY

5. The Debtor was the owner and resident of a parcel of improved real property located at 1536 N. Mohawk in Chicago, Illinois (the "Mohawk Property"). The Debtor's Schedules listed the Mohawk Property with a value of $375,000 and encumbered by a mortgage debt in the amount of $130,000.

6. Given the apparent substantial equity in the Mohawk Property, and scheduled unsecured debt in the amount of less than $7,000, the Trustee gave the Debtor the opportunity to seek a refinancing of the Mohawk Property to provide sufficient cash to the bankruptcy estate at closing to satisfy all of the administrative expenses and the allowed unsecured claims.

7. The Debtor was unable to refinance the Mohawk Property and the Trustee engaged a real estate broker to list the Mohawk Property for sale.

8. On March 18, 2016, the Trustee filed an *Application to Employ Matthew Scuras and Jameson Sotheby's International Realty as Real Estate Broker* [Dkt. 33] and the Court granted said Application on March 28, 2016 [Dkt. 37].

9. Following the Trustee's retention of the real estate broker, the Trustee listed the Mohawk Property for sale. Immediately after listing the property for sale, the Trustee received several offers at significantly higher prices then the Debtor's valuation.

10. The Trustee with the assistance of his legal counsel and the broker asked the prospective buyers to resubmit their highest and best offers for the Mohawk Property.

11. Following the submission of the revised offers for the Mohawk Property, the Trustee with the assistance of his legal counsel negotiated the terms of a sale contract including two amendments to the sale contract. The contract purchase price was $627,000.

12. On May 3, 2016, the Trustee filed *Trustee's Motion to (1) Sell the Estate's Right, Title and Interest in Real Property Located at 1536 N. Mohawk Street, Chicago, Illinois Free and Clear of Liens, Claims and Interests Pursuant to 11 U.S.C. § 363(b) and (f) and to (II) to Defer Filing Fee* [Dkt. 41] ("Mohawk Motion"), and the relief sought in the Mohawk Motion was granted by Court Order [Dkt. 43] on May 27, 2016.

13. On August 4, 2016 the sale of the Mohawk Property closed at the title company, and the *Trustee's Report of Sale* [Dkt. 47] was filed on August 5, 2016

14.     Based upon the next proceeds from the sale of the Mohawk Property, the Trustee expects that all of the expenses of administration and allowed claims will be paid in full and the Debtor will receive a large surplus distribution.

## DESCRIPTION OF LEGAL SERVICES

15.     The nature and extent of the services which NP provided to the Trustee for the period from December 11, 2015 through October 23, 2016 are summarized in the following paragraphs.

16.     Case Administration (B-120). NP provided 0.50 hours of services to the Trustee with a value of $257.50 related to the Trustee's administration of the Chapter 7 bankruptcy case. These services included correspondence and conferences with the Debtor and his counsel regarding the sale process for the Mohawk Property and the status of the foreclosure case pending in the Circuit Court of Cook County.

17.     Asset Analysis and Recovery (B-140). NP provided 2.20 hours of services to the Trustee with a value of $1,133.00 related to the Trustee's analysis and recovery of assets for the bankruptcy estate. These services included a review of the secured lender's documents including a series of loan assignments. NP also had telephone conferences and correspondence with counsel for the secured lender regarding the foreclosure case and Ocwen's loan assignment to Fannie Mae.

18.     Fee/Employment Applications (B-160). NP provided 6.40 hours of services to the Trustee with a value of $3,296.00 related to the Trustee's employment of legal counsel, real estate broker and tax accountant to assist in the Trustee's administration of the bankruptcy estate. These services included drafting the notices, motions and proposed orders for the Trustee's employment of legal counsel, real estate broker and tax accountant. The services also included telephone conferences and correspondence with the real estate broker and the tax accountant

3

regarding their respective declarations of disinterestedness. NP appeared before the Court for the hearings on each of the employment motions, each of which were granted.

19.   Tax Issues (B-240). NP provided 4.50 hours of services to the Trustee with a value of $2,317.50 related to various tax issues. These services included various tasks related to the determination of the Debtor's tax basis for the capital gains tax calculation in connection with the sale of the Mohawk Property. NP reviewed various title abstracts, deeds and other documentation related to the timing and manner of the Debtor's ownership of the property over a relatively long period of time. The services also included telephone conferences and correspondence with the Debtor, the real estate broker and the tax accountant regarding the Debtor's acquisition of the property, subsequent transfers and current ownership. NP also reviewed the capital gain tax calculations used in the Trustee's final tax returns.

20.   Real Estate (B-250). NP provided 53.70 hours of services to the Trustee with a value of $19,040.50 related to the sale of the Mohawk Property. These services included reviewing the public records at the Cook County Recorder of Deeds, the Assessor's Office and the Clerk of the Circuit Court to obtain information about the title to the property, real estate taxes and valuation figures and the status of the pending foreclosure case.

NP also assisted the Trustee in making revisions to the real estate broker's standard listing agreement to conform it to the bankruptcy sale process. After the property was listed for sale, NP assisted the Trustee in reviewing the offers received and implementing a strategy to obtain the highest and best offer for the property from the various prospective buyers.

Following the submission of revised offers from the prospective purchasers, the Trustee with the assistance of NP negotiated the terms of a sale contract including two contract amendments.

Services provided by NP also included drafting the sale notice motion and proposed sale order which included incorporating comments for the buyer, the title company and the secured lender.

NP reviewed, obtained and prepared numerous documents for the closing which also included correspondence and telephone conferences with counsel for the buyer, counsel for the secured lender and the closing officers at the title company.

In addition to the foregoing services, NP was required to spend a lot of time in attempts to obtain a timely and satisfactory payoff letter from Fannie Mae's loan servicer. NP made repeated telephone calls and corresponded with numerous people involved with Fannie Mae and its loan servicer and was finally able to obtain a loan payoff letter that was complete and satisfied the title company's closing requirements related to the pending foreclosure case.

NP assisted the Trustee in closing the sale of the Mohawk Property and prepared a Report of Sale which was filed with Court.

21. <u>Claims Administration and Objections (B-310)</u>. NP provided 1.30 of services to the Trustee with a value of $669.50 related to the secured claim filed by Fannie Mae. These services included reviewing the loan documents and calculations of the loan balance attached to the proof of claim.

22. <u>Summary of Services</u>. The services provided to the Trustee by NP are summarized as follows:

| Subject | Task Code | Hours | Value |
|---|---|---|---|
| Case Administration | B-110 | 0.50 | $257.50 |
| Asset Analysis and Recovery | B-140 | 2.20 | $1,133.00 |
| Fee/Employment Applications | B-160 | 6.40 | $3,296.00 |
| Tax Issues | B-240 | 4.50 | $2,317.50 |
| Real Estate | B-250 | 53.70 | $19,040.50 |
| Claims Administration and Objections | B-310 | 1.30 | $669.50 |
| **TOTAL** | | **68.60** | **$26,714.00** |

5

23.    Attached as Exhibit "B" is an itemized statement of the legal services rendered by NP and classified by the various tasks in chronological order. The statement reflects the legal services rendered, the time expended, the value of the services, and a description of the work performed.

24.    The time expended and services rendered by each NP attorney and paralegal is summarized as follows:

| Attorney | Hours | Hourly Rate | Total |
|---|---|---|---|
| R. Scott Alsterda | 31.00 | 515.00 | $15,965.00 |
| Gregory Linde | 36.60 | 290.00 | $10,614.00 |
| **Paralegal** | | | |
| Steve Pecha | 1.00 | 135.50 | $135.00 |
| **TOTAL** | **68.60** | | **$26,714.00** |

25.    Exhibit "B" also includes an itemized statement of the actual expenses incurred by NP in connection with its representation of the Trustee. The expenses include photocopies in the amount of $177.40 (10 cents per page), filing and recording fees at the Circuit Court of Cook County in the amount of $3.00, postage in the amount of $86.64 and court costs for obtaining property records in the amount of $10.00 for a total amount of $277.04.

26.    Based on the nature, extent and value of services performed by NP, the results achieved, and the costs of comparable services, the compensation being sought by NP is fair and reasonable.

27.    At all times during NP's representation of the Trustee, NP was a disinterested person and neither represented nor held an interest adverse to the estate with respect to matters on which NP was employed.

WHEREFORE, NP requests that it be awarded reasonable compensation in the amount of $26,714.00 for legal services rendered in this case and reimbursement of actual and necessary expenses in the amount of $277.04.

DATE: October 25, 2016                                Respectfully Submitted

                                                      NIXON PEABODY LLP

Of Counsel:
R. Scott Alsterda (ARDC 3126771)                      By: /s/ R. Scott Alsterda
Nixon Peabody LLP
70 West Madison, Suite 3500
Chicago, IL 60602-4283
312-977-9203
rsalsterda@nixonpeabody.com